Dear Mr. Stinson:
You have requested an opinion of the Attorney General in your capacity as attorney for the Bossier Rural Electric Membership Corporation (BREMCO), an electric cooperative organized pursuant to LSA-R.S. 12:401 et seq. You specifically ask whether BREMCO is subject to LSA-R.S. 24:511 et seq. — the statutory provisions comprising Louisiana's Audit Laws.
LSA-R.S. 24:513(A)(1) provides, in pertinent part, the following:
 "Subject to Paragraph A (3), the legislative auditor shall have authority to compile financial statements and to examine, audit, or review the books and accounts of . . . quasi-public agencies or bodies . . ."
Section 513(A)(3) provides, in pertinent part, the following:
 "The financial statements of . . . quasi-public agencies receiving public funds . . . shall be audited or reviewed by licensed certified public accountants subject to Paragraphs (A) (5) and (6) hereof, but may be audited by the Legislative Auditor pursuant to Paragraph (A) (4) hereof."
As can be seen from the above statutory provisions, quasi-public bodies receiving public funds clearly fall within the ambit of the state's audit laws. Quasi-public bodies have been defined as those bodies which are not strictly private bodies, which are primarily funded by public funds and serve a public purpose or provide a public service.
LSA-R.S. 12:401 authorizes the organization of cooperative, non-profit membership corporations for the purpose of supplying electrical energy and promoting and extending the use thereof. The statutory powers of cooperatives such as BREMCO are set forth in LSA-R.S. 12:403, and include the authority to (1) generate, manufacture, purchase, and transmit electric energy to its members and to governmental agencies and political subdivisions (2) construct, purchase, lease, or otherwise acquire electric transmission and distribution lines or systems, electric generating plants, and other buildings, lands, and structures deemed necessary to supply and extend electrical energy (3) construct and operate electric transmission and distribution lines along, upon, under and across all public thoroughfares and (4) exercise the power of eminent domain.
The jurisprudence of this state clearly recognizes that electrical cooperatives organized to develop and transmit electricity for a segment of the general public are engaged in a public business for a public purpose. See Slay v. Louisiana Energy and Power Authority 473 So.2d 51 (La. 1985) and Southwest Louisiana Electric Membership Corporation v. Simon 207 So.2d 546
(La.App. 3rd. Cir. 1967), Writ Refused. Having found that BREMCO serves a public purpose, we turn now to the remaining prerequisite — that BREMCO be primarily funded by public funds.
It is my understanding from your request that BREMCO receives federal funds through loans from the Rural Electrification Administration (REA). Additional operating revenues are obtained from the rates charged its subscribers for electric energy. However, you have failed to state proportionally the amount of public funds (i.e. federal loans) received and used by BREMCO for its operations. Therefore, it is not possible to conclusively classify BREMCO as a quasi-public agency or body for purposes of the applicability of the state's audit laws. Should you determine that BREMCO is funded primarily by public funds, it would be subject to the provisions in LSA-R.S. 24:511 et seq.
Further, we have been advised by representatives of the Louisiana Legislative Auditor's Office that if BREMCO has received $100,000.00 or more in federal funding (including any outstanding loan balance) the Single Audit provisions/requirements contained in Office of Management and Budget Circular A-133 must be complied with.
Trusting this opinion to be of sufficient information, I am
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III lbw-0033R